## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID P. BRADLEY,

    Plaintiff,

v.

                      CASE NO.:

ALLIED INTERSTATE LLC,

    Defendant.
_____/

## COMPLAINT

1. COMES NOW the Plaintiff, David P. Bradley, by and through undersigned counsel, alleges Defendant, Allied Interstate LLC, sought to collect a debt in stark violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and 28 U.S.C. § 1367.

3. The alleged violations described in the Complaint occurred in Hillsborough County, Florida, where Plaintiff resides, and where Defendant transacts business.

## PARTIES

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida, and is a "consumer" as defined in 15 U.S.C. § 1692a(3).

5. Defendant Allied Interstate LLC is a Foreign Limited Liability Company with its principal place of business in New Albany, Ohio, conducts business in the State of Florida, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff is an "alleged debtor."

7. The alleged debt belonged to Plaintiff, arising out of a transaction with eBay, Inc. on his account that was primarily used for Mr. Bradley's personal, family, or household purposes.

8. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. § 1692a(5) as it relates to Plaintiff's account that was primarily used for Mr. Bradley's personal, family, or household purposes.

9. On July 6, 2016, Defendant mailed a debt collection notice (hereinafter the "Collection Notice") to Mr. Bradley, identifying as a "debt collection company," and seeking to collect an alleged debt in the amount of $27.91. A redacted copy of this notice is attached hereto as Exhibit A.

10. Promptly upon receipt of Defendant's notice, Mr. Bradley sent Defendant a request for validation verification of the alleged debt via both e-mail and Certified Mail (hereinafter the "First Dispute Letter"). The First Dispute Letter additionally disputed the alleged debt, and further explicitly requested a cease and desist of all further communication. A redacted copy of this email is attached hereto as Exhibit B, and a redacted copy of this letter is attached hereto as Exhibit C.

11. The First Dispute Letter states, in pertinent part:

You are erroneously claiming "Civil Dispute" between us. There is none to my knowledge.

\* \* \*

If you are the Fiduciary in this matter, I need a copy of the contract between us to continue further communication. I do not give permission or consent by assent for you to enter as a third party to this alleged civil dispute, nor to issue letters of threat to my private property or person, including you reporting to various credit reporting entities.

\* \* \*

Produce a Contract, Delegation of Authority, Regulatory Authority or cease and desist.

\* \* \*

> In your next correspondence, please forward the instrument that establishes my obligation to perform as you request…

12. In addition to the e-mail received by Defendant on July 22, 2016, Defendant received the First Dispute Letter via USPS Certified Mail on August 8, 2016. A copy of the confirmation is attached hereto as Exhibit D.

13. Despite Mr. Bradley's statutorily authorized request for documents verifying the legitimacy of the alleged debt, Defendant failed to provide Mr. Bradley with any supporting documentation, or any response at all.

14. Upon Defendant's failure to provide validation verification for the alleged debt it sought to collect, Mr. Bradley sent Defendant a second letter entitled "Notice of Intent to Sue," (hereinafter the "Second Dispute Letter") on September 9, 2016. A redacted copy of this letter is attached hereto as Exhibit E.

15. The Second Dispute Letter referenced the First Dispute Letter, explained that he has received phone calls after his cease and desist request, and further explained that no such validation verification documentation had been received.

16. Defendant received the First Dispute Letter via USPS Certified Mail on September 12, 2016. A copy of the confirmation is attached hereto as Exhibit F.

17. To this date, Defendant failed to ever provide Plaintiff with any further explanation or documentation supporting its authority to collect the alleged debt.

18. Additionally, following Mr. Bradley's First Dispute Letter on July 22, 2016 containing the explicit cease and desist request, Mr. Bradley received five autodialed and/or prerecorded phone calls from Defendant to his cellular telephone number (813) 638-1938.

19. Defendant maintains an active permit for the use of an automatic dial announcing system (ADAD) through the Public Utility Commission of Texas, Permit No.: 070135.[1] Defendant's ADAD permit was first approved on May 8, 2007, and was last renewed on May 8, 2017. Defendant maintains the physical address for its ADAD locations in Chandler, Arizona, Parsippany, New Jersey, Saint Louis Park, Minnesota, West Lake Village, California, North Charleston, South Carolina, Columbus, Ohio, Greensboro, North Carolina, and Plymouth, Minnesota.

20. Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

21. Furthermore, many of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

22. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

## COUNT I
### Violation of the FDCPA

23. Plaintiff incorporates Paragraphs one (1) through twenty-two (22).

24. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

---

[1] *ADAD Report Allied Interstate LLC*, PUBLIC UTILITY COMMISSION OF TEXAS, https://www.puc.texas.gov/industry/communications/directories/adad/report_adad.aspx?ID=ADSQL01DB1245382900008.

25. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692d(5) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692e(2)(A) by using false, deceptive, or misleading representation or means to collect a debt, namely through the false representation of the character, amount, or legal status of the alleged debt.

27. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692f(1) by using unfair and unconscionable means to collect or attempt to collect any debt.

28. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692g(a) by failing to send Plaintiff sufficient notice of the amount of the debt it attempted to collect.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

### COUNT II
### Violation of the TCPA

29. Plaintiff incorporates Paragraphs one (1) through twenty-two (22).

30. Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she revoked her consent to being called by them using an ATDS or pre-recorded voice.

31. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff revoked her consent to being called by them using an ATDS or pre-recorded voice.

32. Defendant repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or

artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

33. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

34. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/Lara E. McGuire*
Lara E. McGuire, Esquire
Florida Bar No. 0127170
Lara@TheConsumerProtectionFirm.com
William "Billy" Peerce Howard, Esquire
Florida Bar No. 0103330
Billy@TheConsumerProtectionFirm.com
THE CONSUMER PROTECTION FIRM, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
*Attorneys for Plaintiff*