## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DAVID P. BRADLEY,**

    **Plaintiff,**

vs.

**ALLIED INTERSTATE LLC,**

    **Defendant.**

                                /

**CASE NO. 8:17-CV-01756-JDW-TBM**

## ALLIED INTERSTATE LLC'S ANSWER TO COMPLAINT

Defendant, Allied Interstate LLC ("Allied"), by and through its undersigned counsel, hereby responds to the Complaint filed by David P. Bradley ("Plaintiff"), and in support states as follows:

1. Allied admits the Complaint purports to allege violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. ("FDCPA"), but denies it violated these or any other statute, law or regulation and demands strict proof thereof.

## JURISDICTION AND VENUE

2. The allegations contained in Paragraph 2 are statements of legal conclusions to which no response is required. To the extent a response is required, Allied admits Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and § 227.

3. Allied is without sufficient information to admit or deny the allegations contained in Paragraph 3 and, therefore, denies them.

## PARTIES

4.　　Allied is without sufficient information to admit or deny the allegations contained in Paragraph 4 and, therefore, denies them.

5.　　Allied admits that it is a company with its principal place of business in New Albany, Ohio. Allied further admits that a portion of its business includes the collection of debts.

## FACTUAL ALLEGATIONS

6.　　The allegations contained in Paragraph 6 are statements of legal conclusions to which no response is required. To the extent a response is required, Allied is without sufficient information to admit or deny the allegations and, therefore, denies same and demands strict proof thereof.

7.　　Allied admits that Plaintiff had a debt arising out of transactions with eBay, Inc. Allied is without sufficient information to admit or deny the remaining allegations in Paragraph 7 and, therefore, denies same and demands strict proof thereof.

8.　　The allegations contained in Paragraph 8 are statements of legal conclusions to which no response is required. To the extent a response is required, Allied denies same and demands strict proof thereof.

9.　　Allied states that the document referenced in Paragraph 9 speaks for itself.

10.　　Allied is without sufficient information to admit or deny the allegations contained in Paragraph 10 and, therefore, denies same and demands strict proof thereof.

11.　　Allied states that the document referenced in Paragraph 11 speaks for itself.

12.　　Allied states that the document referenced in Paragraph 12 speaks for itself.

13. Allied denies the allegations contained in Paragraph 13 and demands strict proof thereof.

14. Allied states that the document referenced in Paragraph 14 speaks for itself. Allied denies the remaining allegations of Paragraph 14.

15. Allied states that the document referenced in Paragraph 15 speaks for itself.

16. Allied states that the document referenced in Paragraph 16 speaks for itself.

17. Allied denies the allegations contained in Paragraph 17 and demands strict proof thereof.

18. Allied denies the allegations contained in Paragraph 18 and demands strict proof thereof.

19. Allied is without sufficient information to admit or deny the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 are statements of legal conclusions to which no response is required. To the extent a response is required, Allied denies same and demands strict proof thereof.

21. The allegations contained in Paragraph 21 are statements of legal conclusions to which no response is required. To the extent a response is required, Allied denies same and demands strict proof thereof.

22. Allied denies the allegations contained in Paragraph 22.

**COUNT I**
**Violation of the FDCPA**

23. Allied re-alleges and incorporates its responses to Paragraphs 1-22 above as if fully set forth herein.

24. The allegations contained in Paragraph 24 are statements of legal conclusions to which no response is required.

25. Allied denies the allegations contained in Paragraph 25 and demands strict proof thereof.

26. Allied denies the allegations contained in Paragraph 26 and demands strict proof thereof.

27. Allied denies the allegations contained in Paragraph 27 and demands strict proof thereof.

28. Allied denies the allegations contained in Paragraph 88 and demands strict proof thereof.

In response to the Paragraph beginning with "WHEREFORE," and appearing below Paragraph 28, Allied denies Plaintiff is entitled to a judgment in his favor, statutory damages, actual damages, punitive damages, costs, fees, interest, or any other form of relief whatsoever.

## COUNT II
### Violation of the TCPA

29. Allied re-alleges and incorporates its responses to Paragraphs 1-22 above as if fully set forth herein.

30. Allied denies the allegations contained in Paragraph 30 and demands strict proof thereof.

31. Allied denies the allegations contained in Paragraph 31 and demands strict proof thereof.

32. Allied denies the allegations contained in Paragraph 32 and demands strict proof thereof.

33. Allied denies the allegations contained in Paragraph 33 and demands strict proof thereof.

34. Allied denies the allegations contained in Paragraph 34 and demands strict proof thereof.

In response to the Paragraph beginning with "WHEREFORE," and appearing below Paragraph 34, Allied denies Plaintiff is entitled to a judgment in his favor, statutory damages, treble damages, costs, fees, interest, or any other form of relief whatsoever.

### AFFIRMATIVE DEFENSES

### First Defense

To the extent Plaintiff has entered into an arbitration agreement covering his claims against Allied, Plaintiff's claims are barred by said agreement.

### Second Defense

Plaintiff's claims against Allied fail to state a claim upon which relief can be granted.

### Third Defense

To the extent Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations, they are time barred.

### Fourth Defense

To the extent Plaintiff has filed for bankruptcy protection, the claims asserted against Allied are barred by any bankruptcy case, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lack standing to pursue the causes of action.

### Fifth Defense

Plaintiff has failed to mitigate his damages, if any.

**Sixth Defense**

Any violation of the law or damage suffered by Plaintiff, which Allied denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Allied.

**Seventh Defense**

Plaintiff's injuries, which Allied disputes, were the result of an intervening or superseding cause or the acts or omissions of third parties over which Allied had no responsibility or control and for which Allied may not be held liable.

**Eighth Defense**

Plaintiff's TCPA claims against Allied are barred by the doctrine of consent.

**Ninth Defense**

Plaintiff gave prior express consent to Allied to contact him on his cellular phone regarding the subject account, and Plaintiff also failed to revoke said consent.

**Tenth Defense**

Allied did not willfully or knowingly contact Plaintiff on his cellular phone regarding the subject account in violation of the TCPA or FDCPA.

**Eleventh Defense**

Allied did not use a device with the capacity to dial numbers randomly or sequentially using a "number generator" and, hence, did not use an ATDS in violation of the TCPA.

**Twelfth Defense**

The imposition of statutory or treble damages under the TCPA against Allied would violate the due process provisions and/or prohibitions against excessive fine of the United States Constitution and/or the Florida State Constitution.

**Thirteenth Defense**

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

**Fourteenth Defense**

The TCPA violates the First Amendment of the United States Constitution.

**Fifteenth Defense**

Allied's conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission and/or an advisory opinion of the Bureau of Consumer Financial Protection.

**Sixteenth Defense**

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), release, consent, ratification, acquiescence, novation, and/or unclean hands.

**Seventeenth Defense**

Plaintiff's claims are barred by accord and satisfaction.

**Eighteenth Defense**

Plaintiff lacks standing.

### Nineteenth Defense

At all times and under all circumstances relevant to the Complaint, Allied acted in good faith and without malice.

### Twentieth Defense

Upon information and belief, Plaintiff's FDCPA and TCPA claims are barred by the avoidable harm doctrine. Plaintiff could have avoided any alleged communications by not continuing to engage in contact with Allied. The alleged number and frequency of communications, if any, were directly related to Plaintiff's contact with Allied, which constituted continued invitations, requests and consent to the alleged communications.

### Twenty-First Defense

Plaintiff's claims fail to the extent he had an established business relationship with Allied.

### Twenty-Second Defense

Plaintiff's claims are barred, in whole or in part, by the primary jurisdiction of the Federal Communications Commission.

### Twenty-Third Defense

Plaintiff's demand fails to state a claim under the TCPA because any alleged calls made by Allied were not made for the purpose of solicitation.

### Twenty-Fourth Defense

Plaintiff's claims are barred, in whole or in part, because the alleged telephone calls at issue are excepted from and/or do not fall within the purview of the TCPA.

**Twenty-Fifth Defense**

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm, or other injuries justifying a claim for actual damages as a result of the alleged conduct of Allied and therefore lacks Article III standing to sue Allied.

**RESERVATION OF DEFENSES**

Allied reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

> /s/ Jacqueline Simms-Petredis
> Jacqueline Simms-Petredis (FL Bar # 0906751)
> **BURR & FORMAN LLP**
> 201 North Franklin Street, Suite 3200
> Tampa, Florida  33602
> Telephone:     (813) 221-2626
> Facsimile:      (813) 357-3534
> Primary Email: jsimms-petredis@burr.com
> Secondary Email: mmichelson@burr.com
>
> Attorneys for Defendant
> ALLIED INTERSTATE LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system on September 12th, 2017:

Heather H. Jones, Esq.
William Peerce Howard
The Consumer Protection firm, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
heather@theconsumerprotectionfirm.com
billy@theconsumerprotectionfirm.com

> /s/ Jacqueline Simms-Petredis
> Attorney